## DAYTON RUBBER MFG. CO. v. DORMAN AUTOMOTIVE PARTS CO.

### No. 508.

District Court, S. D. Ohio, E. D.
July 5, 1930.

Toulmin & Toulmin and H. A. Toulmin, Jr., all of Dayton, Ohio, for plaintiff.

Paul A. Staley, of Springfield, Ohio, for defendant.

HOUGH, District Judge.

This suit involves the validity of Short patent, No. 1,538,303, having to do with improvements in transmission belts, and concerns claims of said patent No. 1 to 11, inclusive, excepting 6 and 10.

The Dayton Rubber Manufacturing Company is the owner of an undivided one-fourth interest in said patent by assignment, and the General Motors Research Corporation, made party plaintiff by amendment, is the owner by assignment of the undivided three-fourths interest in said patent.

The defendant, the Dorman Automotive Parts Company, is the distributor of the manufactured article claimed to infringe said patent, and the Holfast Rubber Company is admitted to be the manufacturer of the claimed infringing article and the party making the active defense to the case.

The belt, as provided in claims of the patent, is comprised of, first, a basic portion of rubberized fabric, the longitudinal cords being nonstretchable, and forming a base or backbone of the belt, carrying the strain as the same functions on the pulleys, and the transverse cords having their ends terminate in the wearing surface of the belt for the purpose of gripping the walls of the pulleys around which the belt operates. The transverse cords operate also to stiffen the belt and render it noncompressible latterly, thus preventing the belt from buckling. The transverse cords act as heat conductors, transmitting to the pulleys the heat generated through friction by the constant turning and flexing of the belt in operation. On the outside of this basic portion is a bias cut fabric, which results in the yielding or "give" of the belt as it rotates around the pulleys. An inner portion is fastened to the inner surface of the base strip to permit contracting and compressing of the belt in operation around the pulleys. Thus the outer and inner fabric portions of the belt, being capable of expanding and stretching, and contracting and compressing, are made integral parts of the belt, and thus conforms to the rotating movement of the basic strip, and permits that strip to operate without stretching, and bearing only the normal and uniform strain. This method of construction is said to guarantee more efficient operation and greater lasting qualities, because it preserves its original shape, presents uniform wearing surfaces, and dissipates the friction produced heat. Such results and accomplishments denote the ingenuity of invention, and, subject to originality on the part of this patentee, will justify the upholding of the patent.

The validity of the patent is attacked by the prior art evidenced by a number of patents set up in the answer. Also, infringement is denied, but with little emphasis.

The prior patents said to exemplify the prior art may be placed under several classifications, namely: Those belts whose layers are secured together by stitching; flat belts not involved in the issues in this case; belts, the layers of which are riveted together; heavy rubber side wall belts and wrapped belts in which the wrapper furnishes the contact with the pulley walls. The majority of these prior patents are so remote and so noticeably inapplicable as to make it unnecessary to mention them in detail. Those entitled to be mentioned, however, are the Jappe, No. 1,165,780, and the Delzell, No. 1,432,973, both of which antedate the patent in suit. The Jappe patent belt has its layers stitched or sewed together. This patent was before the Patent Office and considered in connection with the Short application, but was dismissed as noninterfering. This, of course, adds to the presumption of validity. Hale & Kilburn v. Oneonta (C. C.) 129 F. 598; Stead Lens Co. v. Kryptok Co. (C. C. A.) 214 F. 368; MacClemmy v. Gilbert (D. C.)

221 F. 73. This Jappe patent was not shown to have been the subject of manufacture. It was a flat belt, stitched together, and apparently dissimilar to the article in suit in shape and in method of construction and in the advantageous results before mentioned.

The Delzell patent is a method patent. Delzell filed an application for patent on a belt which never materialized into letters patent, and it appears further that he filed an admission in the Patent Office that Short was the originator of the Short patent type of belt.

The infringing belts of the defendant distributor and the conceded manufacturer, from the evidence disclosed, and particularly from the careful examination of the exhibits, are close simulations of the belts under the Short patent, both in form and appearance, and in structural features. The issue of unfair competition and the proof developed thereunder simply aggravate and emphasize the acts of infringement.

The validity of the patent is upheld, infringement is found to have taken place, and the plaintiff's right to an accounting is sustained.